IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:05cv410 (JCC) ) |
| EASTERN SIGN TECH, LLC, | ) ) |
| Defendant. | ) |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion for Summary Judgment. For the reasons stated below, the Court will grant Plaintiff's Motion.

### **I. Background**

The Board of Trustees, Plaintiff in the present case, is the fiduciary with respect to the Sheet Metal Workers' National Pension Fund (the "Fund"). The Fund is a jointly administered multiemployer employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

Defendant, Eastern Sign Tech, LLC, ("Eastern Sign"), is an employer in New Jersey that contributed to the Fund pursuant to a collective bargaining agreement between Eastern Sign and Local Union No. 194 of the Sheet Metal Workers' International

-1-

Union Association.  Defendant and Local 194 were parties to a collective bargaining agreement effective from June 1, 2000 until May 25, 2003.  On March 1, 2003, Local 194 informed Defendant of its desire to amend the agreement and later notified mediation services to negotiate a renewal.  On May 22, 2003, Defendant sent a letter to Local 194 confirming that the revised collective bargaining agreement would be retroactive to May 26, 2003.  The new agreement was executed on July 15, 2004.  From May 25, 2003 until February 2004, Defendant made contributions to both Local 194 and the Fund.  However, beginning in February 2004, the employee contributions remitted by Defendant were refused by Local 194.

A letter of July 15, 2004 informed Eastern Sign that they ceased to have an obligation to contribute to the Fund on May 25, 2003, and thereby they owed withdrawal liability in accordance with §§ 4202(2) and 4219(b)(1) of ERISA.  This letter, which Plaintiff construes as a notice and demand for payment, listed August 14, 2004 as the due date for the first payment.

On February 17, 2004, Defendant received a letter from Local 194 informing it that Defendant was no longer a Local 194 Contractor because it "is no longer a signatory to a Local 194 Collective Bargaining Agreement."  In response to this letter, Defendant contacted the Fund by letter to advise that it did not withdraw from Local 194 and that it was committed to continuing

contract negotiations.  Local 194 refused Defendant's contributions, and consequently the Fund rejected the contributions as well.  Accordingly, Defendant ceased making the contributions until the new collective bargaining agreement was ratified on July 15, 2004.

A revised notice and demand for payment of withdrawal liability was sent to Eastern Sign on October 8, 2004 demanding $17,098.17 in payment.  Finally, a letter dated January 7, 2005, notified Eastern Sign that the withdrawal liability payments were overdue and the statutory period for challenging the liability assessment had expired.  Plaintiff asserts that it is due the full withdrawal liability plus interest, liquidated damages, and attorneys' fees and costs.

Plaintiff filed the Complaint on April 11, 2005.  On January 20, 2006, Plaintiff filed a Motion for Summary Judgment.  Both parties are in agreement that there are no material facts in dispute.  This Motion is currently before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See Fed. R. Civ. P. 56(c); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996)

(citations omitted).  The party seeking summary judgment has the initial burden to show the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials.  A "mere scintilla" of evidence is insufficient to overcome summary judgment.  *Anderson*, 477 U.S. at 248-52.

A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party.  *See id.* at 255.  Unsupported speculation is not enough to withstand a motion for summary judgment.  *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).  Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  In reviewing the record on summary judgment, "the court must draw any inferences

in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

Plaintiff believes it is entitled to summary judgment because Defendant did not initiate arbitration of the withdrawal liability assessment within the specified time period following receipt of the Fund's final assessment. Section 4221(a)(1) of ERISA explains,

> Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 4201 through 4219 [29 USCS §§ 1381-1399] shall be resolved through arbitration. Either party may initiate the arbitration proceeding within a 60-day period after the earlier of--
> (A) the date of notification to the employer under section 4219(b)(2)(B) [29 USCS § 1399(b)(2)(B)], or
> (B) 120 days after the date of the employer's request under section 4219(b)(2)(A) [29 USCS § 1399(b)(2)(A)].
> The parties may jointly initiate arbitration within the 180-day period after the date of the plan sponsor's demand under section 4219(b)(1) [29 USCS § 1399(b)(1)].

29 U.S.C. § 1401(a)(1). Plaintiff contends that as a result of Defendant's failure to respond to the Fund's demand in a timely manner to cure its delinquency, Defendant is in default within the meaning of § 4219(c)(5) of ERISA. This section states that

> In the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest

>on the total outstanding liability from the due date of
>the first payment which was not timely made. For
>purposes of this section, the term "default" means (A)
>the failure of an employer to make, when due, any
>payment under this section, if the failure is not cured
>within 60 days after the employer receives written
>notification from the plan sponsor of such failure.

29 U.S.C. § 1399(c)(5).

Defendant contends that none of the above provisions apply because it did not withdraw from the Fund. Defendant claims that it did not completely withdraw because it still had an obligation to contribute under the plan as a result of a duty under the National Labor Relations Act ("NLRA"). *See* 29 U.S.C. § 1383(a); 29 U.S.C. § 1392(a); 20 U.S.C. § 151, *et seq*. The NLRA requires the employer to maintain the terms and conditions of employment even when a collective bargaining agreement has expired until an impasse is announced. *See Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 198 (1991). This includes making pension fund contributions. *See Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co. Inc.*, 484 U.S. 539, 545 n.6 (1988). Defendant states that it remitted payments to the Fund which were accepted even after the expiration of the collective bargaining agreement. Defendant asserts that it had not withdrawn because of the obligation to continue making these payments during the period of good faith negotiations with Local 194, although its efforts were thwarted by the Fund's refusal to accept.

Defendant refutes Plaintiff's argument that it was obligated to arbitrate the issue because the question is one of statutory interpretation involving no disputed facts. Defendant cites *Warrior Coal Co., Inc. v. Connors* for the contention that "parties may bypass arbitration when the district court faces only questions of statutory interpretation." 649 F. Supp. 1090 (W.D. Va. 1986). The rationale behind this decision is that arbitration would not promote judicial economy since on appeal the court would afford the "arbitrator's statutory interpretation decision little weight . . ., and in essence conduct [] a *de novo* review." *Id.* at 1093. Defendant asserts that the only dispute between the parties is whether Defendant continued to have an obligation to contribute to the Fund under 29 U.S.C. § 1392(a)(2) after the expiration of the collective bargaining agreement. This question, Defendant claims, is purely statutory.

In *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, (4th Cir. 1991) the Fourth Circuit states "[c]ourts have treated § 1401(a)'s direction to 'arbitrate first' as a general command; nevertheless, they have usually refrained from interpreting § 1401(a) as an absolute jurisdictional bar. Rather, § 1401(a) has generally been regarded as an 'exhaustion of administrative remedies' requirement." *Id.* at 122. "There are several exceptions to the requirement that parties exhaust administrative remedies before seeking refuge in federal courts.

-7-

These include those instances where (1) the dispute is a matter of statutory construction; (2) the utilization of administrative procedures would cause irreparable injury; and (3) the resort to administrative procedures would be futile." *McDonald v. Centra, Inc.*, 946 F.2d 1059, 1063 (4th Cir. 1991).  Since "the existence of an issue of statutory interpretation, standing alone does not justify bypassing arbitration," arbitration should only be avoided when "neither party timely presses the arbitration requirement, and the court finds that deferring a court contest while the parties repair to arbitration will neither lead to the application of superior expertise nor promote judicial economy." *Id.* at 1064 (internal quotations omitted).

      The Court is not persuaded that Defendant raises only a pure question of statutory interpretation.  The central question of this litigation is whether Eastern Sign withdrew or not.  One step of Defendant's argument that Eastern Sign did not completely withdraw is that it maintained the terms and conditions of employment even when a collective bargaining agreement had expired.  This is only valid, however, if an impasse is not announced.  The determination of whether an impasse occurred or not is heavily factual and is in dispute between the parties. (Plf.'s Reply 7 n.3.)   As this involves a question of fact, Eastern Sign was required to submit this dispute to arbitration.

By failing to do so, Defendant is barred from raising any defenses here.

Finally, Defendant's argument that §§ 515 and 502(G)(2) are not applicable to this case is clearly without merit.  Title 29 U.S.C. § 1451 states "any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 515 [29 USCS § 1145])."  Thus, any suggestion that § 515 does not apply to withdrawal liability is erroneous, and attorneys' fees, interest, and liquidated damages are appropriate in this case.  The parties represented in open court that other than the undisclosed attorneys' fees and costs, the amount of liability is not in dispute.

### IV. Conclusion

For the reasons stated above, the Court will grant Plaintiff's Motion for Summary Judgment.


March_10_, 2006                      _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE