IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BOARD OF TRUSTEES, SHEET             )
METAL WORKERS' NATIONAL              )
PENSION FUND,                        )
                                     )
      Plaintiff,                     )
                                     )
      v.                             )    1:05cv410 (JCC)
                                     )
EASTERN SIGN TECH, LLC,              )
                                     )
      Defendant.                     )

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Petition for attorneys' fees and costs.  For the reasons stated below, the Court will grant Plaintiff's petition in the amount of $17,719.07 in fees and $1,523.73 in costs.

### **I. Background**

The Board of Trustees, Plaintiff in the present case, is the fiduciary with respect to the Sheet Metal Workers' National Pension Fund (the "Fund").  The Fund is a jointly administered benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

Defendant, Eastern Sign Tech, LLC, ("Eastern Sign"), is an employer in New Jersey that contributed to the Fund pursuant to a collective bargaining agreement between Eastern Sign and Local Union No. 194 of the Sheet Metal Workers' International

Union Association.  Defendant and Local 194 were parties to a collective bargaining agreement effective from June 1, 2000 until May 25, 2003.  On March 1, 2003, Local 194 informed Defendant of its desire to amend the agreement and later notified mediation services to negotiate a renewal.  On May 22, 2003, Defendant sent a letter to Local 194 confirming that the revised collective bargaining agreement would be retroactive to May 26, 2003.  The new agreement was executed on July 15, 2004.  From May 25, 2003 until February 2004, Defendant made contributions to both Local 194 and the Fund.  However, beginning in February 2004, the employee contributions remitted by Defendant were refused by Local 194.

A letter of July 15, 2004 informed Eastern Sign that they ceased to have an obligation to contribute to the Fund on May 25, 2003, and thereby they owed withdrawal liability in accordance with §§ 4202(2) and 4219(b)(1) of ERISA.  This letter, which Plaintiff construes as a notice and demand for payment, listed August 14, 2004 as the due date for the first payment.

On February 17, 2004, Defendant received a letter from Local 194 informing it that Defendant was no longer a Local 194 Contractor because it "is no longer a signatory to a Local 194 Collective Bargaining Agreement."  In response to this letter, Defendant contacted the Fund by letter to advise that it did not withdraw from Local 194 and that it was committed to continuing

contract negotiations.  Local 194 refused Defendant's contributions, and consequently the Fund rejected the contributions as well.  Accordingly, Defendant ceased making the contributions until the new collective bargaining agreement was ratified on July 15, 2004.

A revised notice and demand for payment of withdrawal liability was sent to Eastern Sign on October 8, 2004 demanding $17,098.17 in payment.  Finally, a letter dated January 7, 2005, notified Eastern Sign that the withdrawal liability payments were overdue and the statutory period for challenging the liability assessment had expired.  Plaintiff asserts that it is due the full withdrawal liability plus interest, liquidated damages, and attorneys' fees and costs.

Plaintiff filed the Complaint on April 11, 2005.  On March 10, 2006, this Court granted Plaintiff's motion for summary judgment, and on March 24, 2006, the Plaintiff petitioned this Court for $17,719.07 in attorneys' fees and $1,523.73 in costs pursuant to § 502(g)(2) of ERISA.  This petition is currently before the Court.

## II. Standard of Review

According to the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983).  This calculation, which is also known as the lodestar figure, should include consideration of the following factors:

    (1)  the time and labor required;
    (2)  the novelty and difficulty of the questions;
    (3)  the skill requisite to properly perform the legal service;
    (4)  the preclusion of other employment by the attorney due to acceptance of the case;
    (5)  the customary fee;
    (6)  whether the fee is fixed or contingent;
    (7)  the time limitations imposed by the client or the circumstances;
    (8)  the amount involved and the results obtained;
    (9)  the experience, reputation, and ability of the attorneys;
    (10) the "undesirability" of the case;
    (11) the nature and length of the professional relationship with the client; and
    (12) awards in similar cases.

*Daly v. Hill*, 790 F.2d 1071, 1075 n.2 (4th Cir. 1986); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).  A proper computation of the lodestar figure will constitute the "reasonable fee" in most cases.  *See id.* at 1078.

### III. Analysis

After prevailing on summary judgment, Plaintiff's counsel petitions this Court to order the Defendant to pay $17,719.07 in attorneys' fees and $1,523.73 in costs pursuant to § 502(g)(2) of ERISA.  In opposition, Defendant does not dispute that attorneys' fees are appropriate, but only objects to $5,856.77 of the requested fees and costs.  This Court now will address each of these objections.

First, Defendant contests attorneys' fees of $1,541.68 generally spanning the dates of November 11, 2004 to March 28, 2005 on the grounds that they pre-dated the litigation and did not relate to the drafting of the complaint.  The representation of a client in Court often begins far before litigation is officially commenced by filing the complaint.  In fact, effective client representation includes activities such as reviewing the file, research, and communicating with the client.  These type of activities, the same activities billed by Plaintiff in the time entries at issue, may "pre-date" the complaint, but they are critical to the foundation needed to begin drafting the complaint, and therefore, they do not "pre-date" the litigation. Stated differently, these activities are conducted in preparation of the judicial proceeding,[1] a part of the litigation itself, and as such, are recoverable under the ERISA statute.  *See Rego v. Westvaco Corp.,* 319 F.3d 140, 150 (4th Cir. 2003).  Therefore, these time entries did not pre-date the litigation and are related to the complaint, and accordingly, the respective fees should be awarded.

Second, Defendant argues that Plaintiff seeks excessive or duplicative fees related to the drafting of the complaint, the review of Defendant's answer, and drafting its reply in support

---

[1] Had these expenses been incurred as a part of exhausting Plaintiff's administrative remedies, they clearly would not have been recoverable under ERISA.  *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003).

of its summary judgment motion.  As expected, Defendant does not argue that the rates are unreasonable, as they are well within the range provided by the United States Attorney's Office "Laffey Matrix."[2]  Defendant only contests the amount of time spent on these activities, arguing that the amount of billed hours was unreasonable and that a fifty-percent discount should be applied to reduce the respective fees.  The Court finds that Plaintiff's time entries do not reflect an unreasonable amount of time in drafting a complaint (19 hours), reviewing an answer (2 hours), or drafting a reply (13 hours).  Thus, these time entries should not be reduced and the respective fee request should be awarded.

      Third, Defendant objects that Plaintiff's time entries on service of process, substitution of counsel, and *pro hac vice* motions should be stricken since they are unrelated to the action.  These arguments are erroneous.  Service of process and motions relating to maintaining counsel are necessary to any civil action brought under the ERISA statute, and therefore, accompanying fees should be awarded.

      Fourth, Defendant requests this Court to strike Plaintiff's time entries relating to its opposition to Defendant's request for an extension of time.  Plaintiff was completely within its rights and duties of representation to

---

[2] A matrix published by the United States Attorney's Office which provides guidelines governing the "reasonableness" of rates used to calculate fees.

oppose this motion by the Defendant. Accordingly, this time entry is reasonable and proper.

Fifth, Defendant objects to Plaintiff's time entry of March 15, 2006 regarding the Plaintiff's motion for summary judgment. Defendant objects on the grounds that the motion for summary judgment had already been granted, therefore, the time entry should be stricken. This Court finds Plaintiff's reply credible that this entry was referring to the affidavit supporting its petition for attorneys' fees, as evidenced by the entry. Therefore, this time entry is reasonable and appropriate.

Sixth, Defendant objects to costs of legal research as unreasonable and necessary. Defendant contends that online legal research is an outside expense not be included in the costs of litigation. This Court respectfully disagrees with this view and finds persuasive the following pronouncement from the Second Circuit:

> [T]he use of online research services likely reduces the number of hours required for an attorney's manual search, thereby lowering the lodestar, and that in the context of a fee-shifting provision, the charges for such online research may properly be included in a fee award. If [the firm] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2d Cir. 2004). *See also Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004).

Plaintiff's petition makes clear that Plaintiff separately bills clients for online legal research services.  Accordingly, the Court will include the costs of Plaintiff's computer-based legal research in its expense award.

Finally, Defendant argues that the costs associated with courier delivery services are unnecessary and unreasonable.  To be sure, document delivery costs are clearly a central component to the representation of a client and any civil litigation.  These costs are necessary, and in the Court's view, are not unreasonable.

In sum, all of Defendant's objections to Plaintiff's fees and costs will be overruled.  Plaintiff's petition for attorneys' fees and costs is reasonable, both in hours worked and rates charged.  Accordingly, Plaintiff's petition will be granted in full.

### IV. Conclusion

For the reasons stated above, the Court will grant Plaintiff's petition for attorneys' fees in the amount of $17,719.07 and costs in the amount of $1,523.72.  An appropriate Order will issue.

October 4, 2006                      _____/s/_____
Alexandria, Virginia                           James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE